UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LARRY PARKS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No: 2:15-cv-00285-JMS-MJD |
| ) | |
| LORETTA LYNCH, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

This is an action in which Larry Parks, a state prisoner, seeks a writ of habeas corpus. The respondent is Loretta Lynch, the Attorney General of the United States. Attorney General Lynch was named as respondent because Parks is not in federal custody at present but seeks relief pursuant to 28 U.S.C. § 2241(c)(3) with respect a claim by federal authorities.

The respondent has filed an answer to Parks' habeas petition and Parks has replied.

Whereupon the Court, having considered the pleadings and the expanded record, and being duly advised, finds that Parks' petition for a writ of habeas corpus must be denied. This conclusion rests on the following facts and circumstances:

1. Parks was released from federal confinement on August 20, 2015 and placed in the custody of Indiana authorities. At the time of this change, a *Certificate of Release* was issued by the Federal Bureau of Prisons indicating that Parks is subject to a term of special parole, and under the jurisdiction of the United States Parole Commission, commencing August 21, 2015 and continuing until August 8, 2016.

2. Parks' habeas petition challenges the terms of the *Certificate of Release* just described.

3. On November 3, 2015, a *Corrected Certificate of Mandatory Release* was issued and specified that Parks was on regular parole rather than special parole. The duration remains unchanged, and this *Corrected Certificate* was dated *nunc pro tunc* to August 21, 2015.

4. The *Corrected Certificate* just described imposes a period of mandatory release and does not impose or refer to a period of special parole. The *Corrected Certificate* just described completely replaced the *Certificate of Release* described in paragraph 1 above. The effect of the *Corrected Certificate* just described is to make plain that Parks was not re-released in August 2015 to a term of special parole.

5. The appropriateness of the Parole Commission having taken the action described herein, meaning, in having issued the *Corrected Certificate of Mandatory Release*, is shown by the recent decision in *Edwards v. Cross*, 801 F.3d 869, 879 (7th Cir. 2015).

6. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Ali v. Cangemi,* 419 F.3d 722, 723–24 (8th Cir. 2005)(quoting *Beck v. Mo. State High Sch. Activities Ass'n,* 18 F.3d 604, 496 n.7 (1969)). As explained above, that is what has occurred with respect to the mistaken certificate of special parole and the later issuance of the corrected certificate of mandatory release. The fact that this occurred through the administrative channels of the United States Parole Commission after this action had been filed is of no consequence. *Macktal v. Chao,* 286 F.3d 822, 825 (5th Cir. 2002)("[I]t is generally accepted that in the absence of a specific statutory limitation, an administrative agency has the inherent authority to reconsider its decisions.") (collecting cases).

7. An action which is moot must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). Parks acknowledges that the error has been corrected. He states that he will be released from state custody on May 31, 2016. He would like to avoid the anticipated remaining term of parole while on mandatory release, but he supplies no factual or legal basis on which the Court could indulge that desire as part of this adjudication. He likewise would like the Parole Commission to be admonished to not violate any of his rights. Understandable though that desire may be, the request for that to be part of the adjudication is **denied.**

8. Accordingly, the action will be dismissed for lack of jurisdiction because the pleadings and the expanded record show that Parks' petition for a writ of habeas corpus is **moot.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: February 10, 2016

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LARRY PARKS
256479
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel